# EXHIBIT A
***Summons and Complaint***

# EXHIBIT A
***Summons and Complaint***

 CT Corporation

**Service of Process Transmittal**
04/24/2020
CT Log Number 537582803

| | |
|---|---|
| **TO:** | Chris Dzbanski<br>FORD MOTOR COMPANY<br>1 American Rd Whq 421-E6<br>Dearborn, MI 48126-2701 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | Ford Motor Company  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jadee Rose Smith, etc., et al., Pltfs. vs. Ford Motor Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 200500035 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/24/2020 at 10:34 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/24/2020, Expected Purge Date: 04/29/2020<br><br>Image SOP<br><br>Email Notification,  Chris Dzbanski  cdzbansk@ford.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Trust Company<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / YC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                      Fri, Apr 24, 2020

**Server Name:**        Parcels Inc.

**Location:**             Wilmington, DE

| Entity Served | FORD MOTOR COMPANY |
|---|---|
| Agent Name | THE CORPORATION TRUST COMPANY |
| Case Number | |
| Jurisdiction | DE |



Mark Dodd (Bar No.17054)

**BIGHORN LAW**
2230 N. University Parkway, #2C

Provo, Utah 84604
Tel: (801) 669-6519

Fax: (801) 224-8909
mark@bighornlaw.com

*Attorneys for Plaintiff*

| | |
|---|---|
| DATE: | |
| TIME: | |
| WHO: | |
| BY: | |
| LIC# | |

ICU Investigations, LLC   435-986-1200
250 N Red Cliffs Dr. #40-273, St George, UT 6471

I am [ ] Plaintiff/Petitioner      [ ] Defendant/Respondent
   [X] Plaintiff/Petitioner's Attorney [ ] Defendant/Respondent's Attorney

   Utah Bar #:17054

## In the District Court of Utah

## FIFTH Judicial District Iron County

## Court Address: 40 N 100 E, Cedar City, UT 84720

| | |
|---|---|
| JADEE ROSE SMITH, an individual; CHRISTIAN SMITH, an individual; SHYSEN PINERO, an individual; FAINUU SOLIAI, an individual; and NICOLE PINERO, an individual, | **Summons** (To be served in Utah) <br><br> Case Number 200500035 <br><br> Judge Matthew Bell |
| Plaintiffs, | |
| v. | |
| FORD MOTOR COMPANY, a corporation; DOES I-X; and ROES I-X, | |
| Defendants. | |

The State of Utah to:

Ford Motor Company
Registered Agent
1209 Orange Street
Wilmington, Delaware 19801.

A lawsuit has been filed against you. You must respond in writing by the deadline for the court to consider your side. The written response is called an Answer.

**Deadline!**
Your Answer must be filed with the court and served on the other party **within 21 days** of the date you were served with this Summons.

If you do not file and serve your Answer by the deadline, the other party can ask the court for a default judgment. A default judgment means the other party can get what they asked for, and you do not get the chance to tell your side of the story.

**Read the complaint/petition**
The Complaint or Petition has been filed with the court and explains what the other party is asking for in their lawsuit. Read it carefully.

**Answer the complaint/petition**
You must file your Answer in writing with the court **within 21 days** of the date you were served with this Summons. You can find an Answer form on the court's website (**www.utcourts.gov/howto/answer/**).

**Serve the Answer on the other party**
You must email, mail or hand deliver a copy of your Answer to the other party (or

Se ha presentado una demanda en su contra. Si desea que el juez considere su lado, deberá presentar una respuesta por escrito dentro del periodo de tiempo establecido. La respuesta por escrito es conocida como la Respuesta.

**¡Fecha límite para contestar!**
Su Respuesta debe ser presentada en el tribunal y también con la debida entrega formal a la otra parte **dentro de 21 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio.

Si usted no presenta una respuesta ni hace la entrega formal dentro del plazo establecido, la otra parte podrá pedirle al juez que asiente un fallo por incumplimiento. Un fallo por incumplimiento significa que la otra parte recibe lo que pidió, y usted no tendrá la oportunidad de decir su versión de los hechos.

**Lea la demanda o petición**
La demanda o petición fue presentada en el tribunal y ésta explica lo que la otra parte pide. Léala cuidadosamente.

**Cómo responder a la demanda o petición**
Usted debe presentar su Respuesta por escrito en el tribunal **dentro de 21 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. En la página del tribunal (**www.utcourts.gov/howto/answer/**) puede encontrar el formulario para la presentación de la Respuesta.

**Entrega formal de la respuesta a la otra parte**
Usted deberá enviar por correo

| | |
|---|---|
| their attorney or licensed paralegal practitioner, if they have one) at the address shown at the top left corner of the first page of this Summons. | electrónico, correo o entregar personalmente una copia de su Respuesta a la otra parte (o a su abogado o asistente legal, si tiene) a la dirección localizada en la esquina izquierda superior de la primera hoja del citatorio. |
| **Finding help**<br>The court's Finding Legal Help web page (**www.utcourts.gov/howto/legalassist/**) provides information about the ways you can get legal help, including the Self-Help Center, reduced-fee attorneys, limited legal help and free legal clinics. | **Cómo encontrar ayuda legal**<br>Para información sobre maneras de obtener ayuda legal, vea nuestra página de Internet Cómo encontrar ayuda legal. Algunas maneras de hablar con un abogado son por medio de una visita a un taller jurídico gratuito, o mediante el Centro de Ayuda. Estos talleres proveen información legal general y dan consejo legal breve. También hay ayuda legal a precios de descuento. |

A Simplified Chinese version of this document is available on the court's website.

本文件的简体中文版可在法院网站上找到：

www.utcourts.gov/howto/filing/summons/docs/1015GE_Summons_In_State_Chinese.pdf

A Vietnamese version of this document is available on the court's website:

Một bản tiếng Việt của tài liệu này có sẵn trên trang web của tòa:

www.utcourts.gov/howto/filing/summons/docs/1015GE_Summons_In_State_Vietnamese.pdf

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at 331 South Rio Grande Street, Ste. 200, Salt Lake City, Utah 84101.

April 23, 2020
Date

Signature ▶   /s/ Mark Dodd

Printed Name

Mark Dodd (Bar No. 17054)
BIGHORN LAW
2230 N. University Pkwy., Ste. 2C
Provo, UT 84604
Telephone: (801) 669-6519
Facsimile: (801) 224-8909
E-mail: mark@bighornlaw.com
*Attorneys for Plaintiffs*

## IN THE FIFTH JUDICIAL DISTRICT COURT

## IN AND FOR IRON COUNTY, STATE OF UTAH

| | |
|---|---|
| JADEE ROSE SMITH, an individual; CHRISTIAN SMITH, an individual; SHYSEN PINERO, an individual; FAINUU SOLIAI, an individual; and NICOLE PINERO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a corporation; DOES I-X; and ROES I-X,<br><br>Defendants. | **COMPLAINT**<br><br>**(Tier III)**<br><br>**JURY TRIAL**<br><br>Civil No. _____<br><br>Judge _____ |

Plaintiffs Jadee Rose Smith, Christian Smith, Shysen Pinero, Fainuu Soliai and Nicole Pinero (hereinafter collectively "Plaintiffs"), by and through their attorneys of record at Bighorn Law, hereby allege and complain against Defendants as follows:

## **PARTIES**

1.      Plaintiff Jadee Rose Smith, an individual, was a passenger in a 2003 Ford Explorer that was involved in a collision on February 27, 2016, in Iron County, State of Utah.

2.      Plaintiff Christian Smith, an individual, was a passenger in a 2003 Ford Explorer that was involved in a collision on February 27, 2016, in Iron County, State of Utah.

3.      Plaintiff Shysen Pinero, in individual, was a passenger in a 2003 Ford Explorer that was involved in a collision on February 27, 2016, in Iron County, State of Utah.

4.      Plaintiff Fainuu Soliai, an individual, was the driver of a 2003 Ford Explorer that was involved in a collision on February 27, 2016, in Iron County, State of Utah.

5.      Plaintiff Nicole Pinero, an individual, was a passenger in a 2003 Ford Explorer that was involved in a collision on February 27, 2016, in Iron County, State of Utah.

6.      Upon information and belief and at all times relevant to this action, Defendant Ford Motor Company (hereinafter "Defendant Ford") was and is a Delaware corporation, and is and was doing business in Iron County, Utah, and was the manufacturer of the 2003 Ford Explorer driven by Plaintiff Fainuu Soliai and in which Plaintiffs Jadee Rose Smith, Christian Smith, Shysen Pinero and Nicole Pinero were passengers at the time of the subject collision on February 17, 2016, in Iron County, State of Utah.

7.      Upon information and belief and at all times mentioned herein, Defendant Ford, is a Utah CT Corporation, duly organized and authorized to conduct business in Iron County, State of Utah.

2

8.      Upon information and belief and at all times mentioned herein, Defendant Does 1-X are individuals residing in Iron County, State of Utah, and responsible for inspection and maintenance of the subject vehicle identified herein and/or was or were directing the course and scope of the actions of one or more of the other Defendants named herein.

9.      Upon information and belief and at all times mentioned herein, Defendant Roes was/were business entities that were the agent(s) and/or employee(s) of one or more of the other Defendants named herein and/or was/were acting in the course and scope of said agency and/or employment with one or more of the other Defendants named herein.

10.     Upon information and belief and at all times mentioned herein, Defendant Roe Manufacturer I-X is, and at all times pertinent hereto was, an entity doing business in the State of Utah, and is the manufacturer of the vehicle that was driving in Iron County, State of Utah.

11.     Upon information and belief and at all times mentioned herein, Defendant Roe Distributor I-X is, and at all times pertinent hereto was, an entity doing business in the State of Utah, and was the distributor/installer of the vehicle that was driving in Iron County, State of Utah.

12.     Upon information and belief and at all times mentioned herein, Defendant Roe Retailer I-X is, and at all times pertinent hereto was, an entity doing business in the State of Utah, and was the entity who sold and/or provided service/maintenance of the vehicle that was driving in Iron County, State of Utah

13.     The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants Does I-X and Roes I-X are unknown to Plaintiffs who therefore sue these Defendants by such fictitious names. Plaintiffs are informed, believe and thereon allege, that

each Defendant designated herein as Does and/or Roes is/are responsible in some manner for the events and happenings referred to and which caused damages proximately to Plaintiffs as herein alleged, and that Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of the named Does and Roes when the same have been ascertained, and to join such Defendants in this action.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this matter per Utah Code Ann. §78A-5-102.

15.     The amount claimed by Plaintiffs in this action exceeds $300,000.00, exclusive of court costs, interest and attorneys' fees.

16.     Venue is proper in this Court per Utah Code Ann. §78B-3-307.

17.     Plaintiffs request a trial by jury for all issues that are triable by jury.

## FACTUAL ALLEGATIONS

18.     Plaintiffs, by and through reference, hereby incorporate Paragraphs 1 through 17 above, as if fully set forth herein.

19.     This action arises as a consequence of a motor vehicle collision that occurred on or about February 27, 2016.

20.     That on said date, Plaintiff Fainuu Soliai was operating a motor vehicle believed to be a 2003 Ford Explorer SUV (hereinafter "Plaintiffs' Vehicle") on Northbound Interstate 15 near milepost 53 in Cedar City, Utah.

21.     That on said date, Plaintiffs were restrained passengers in Plaintiffs' Vehicle.

4

22.    That on said date, Plaintiffs were injured in a single vehicle roll-over accident caused by a left rear tire malfunction. Control of Plaintiffs' Vehicle was lost leading to a multiple roll accident. This accident caused serious injury to Plaintiffs.

23.    That upon information and belief, and at all times mentioned herein, Defendants Ford and/or Does I-X, Roe Corporations I-X, Roe Manufacturers I-X and/or Roe Distributors I-X and/or Roe Retailers I-X (hereinafter, collectively "Defendants") were at all times relevant to this action engaged in the design and/or manufacture and/or distributor and/or sales and/or installation and/or inspection and/or maintenance of their vehicles, including the subject vehicle in Iron County, State of Utah.

## FIRST CAUSE OF ACTION
### (Negligence)

24.    Plaintiffs, by and through this reference, hereby incorporate Paragraphs 1 through 23 above, as if fully set forth herein.

25.    That Defendants designed, tested, manufactured, developed, assembled, marketed and placed in the stream of commerce, the subject vehicle.

26.    That Defendants owed a duty of care to Plaintiffs, in the design, testing, manufacture, assembly, marketing, developing, and sale of the subject vehicle.

27.    That each Defendant breached its duty of care by its negligent, careless, wanton, willful, and indifferent failure to act including, but not limited to:

a.    The negligent and improper design, testing, manufacture, assembly, inspection and maintenance of the subject vehicle.

5

b.      The failure to provide adequate, accurate and effective warnings and instructions to owners, operators and users of the vehicle.

28.     That as a direct and proximate result of these defects and/or acts and/or omissions, the subject vehicle malfunctioned while Plaintiff was operating and otherwise using it, directly and proximately causing severe injuries and damages to Plaintiffs as more fully set forth and described herein below.

29.     By reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs sustained bodily injuries, all or some of which conditions may be permanent and disabling in nature, and all to Plaintiffs' general damage in a total amount not yet fully ascertained.

30.     By reason of the aforesaid and as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs were required to and did and will receive treatment for their injuries, and suffered, and will continue to suffer, in mind and in body, all to Plaintiffs' damage in an amount not yet fully ascertained.

31.     That said services, care and treatment are continuing and shall continue in the future, all to Plaintiffs' damage in a presently unascertainable amount, and Plaintiffs will amend the Complaint accordingly when the same is fully ascertained.

32.     That prior to the injuries sustained and complained of herein, Plaintiffs were able-bodied persons and physically capable of engaging in all other activities for which Plaintiffs were otherwise suited.

33.     That by reason of the circumstances and as a direct and proximate result thereof, Plaintiffs have incurred past pain and suffering and have been required to and did lose the ability

6

to perform many daily life and work activities and may have restrictions on future life and work activities and shall continue to experience scarring, future pain and suffering and be limited in activities in the future, which have caused and shall continue to cause Plaintiffs damages in a presently unascertainable amount, and in that regard Plaintiffs will ask leave of this Court to insert said amount when same shall be fully ascertained.

34.     That it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment and post judgment interest herein.

## SECOND CAUSE OF ACTION
### (Strict Liability)

35.     Plaintiffs, by and through this reference, hereby incorporate Paragraphs 1 through 34 above, as if fully set forth herein.

36.     That Defendants, and each of them, designed, manufactured, distributed, sold, inspected and maintained the subject vehicle that was not fit for its intended purpose and use.

37.     That Defendants are strictly liable for the unreasonably dangerous and defective condition of the vehicle.

38.     That Defendants breached their express and implied warranties with respect to the subject vehicle.

39.     That Defendants should have discovered, through testing, inspection and maintenance, and other means, that the vehicle was unfit for its intended use and purpose and was unreasonably dangerous.

7

40.     That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs sustained bodily injury all or some of which conditions may be permanent and disabling in nature, and all to Plaintiffs' general damages in a total sum not yet fully ascertained.

41.     That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs were required to and did and will receive medical and other treatment for their injuries, and suffered, and will continue to suffer, in mind and in body, all to Plaintiffs' damages in a total sum not yet fully ascertained.

42.     That said medical services, care and treatment are continuing and shall continue in the future, all to Plaintiffs' damage in a presently unascertainable amount, and Plaintiffs will amend the Complaint accordingly when the same is fully ascertained

43.     That prior to the injuries sustained and complained of herein, Plaintiffs were able-bodied persons and physically capable of engaging in all other activities for which Plaintiffs were otherwise suited.

44.     That by reason of the circumstances and as a direct and proximate result thereof, Plaintiffs have incurred past pain and suffering and have been required to and did lose the ability to perform many daily life and work activities and may have restrictions on future life and work activities and shall continue to experience scarring, future pain and suffering and be limited in activities in the future, which have caused and shall continue to cause Plaintiffs damages in a presently unascertainable amount, and in that regard Plaintiffs will ask leave of this Court to insert said amount when same shall be fully ascertained.

8

45.     That it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment and post judgment interest herein.

## THIRD CAUSE OF ACTION
### (Failure to Inspect and Warn)

46.     Plaintiffs, by and through this reference, hereby incorporate Paragraphs 1 through 45 above, as if fully set forth herein.

47.     That Defendants, and each of them, knew or should have known that the subject vehicle was defective and/or dangerous in its design and manufacture and/or in its inspection, maintenance and use, and failed to warn Plaintiffs of that defect or dangerous condition.

48.     That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs sustained bodily injury all or some of which conditions may be permanent and disabling in nature, and all to Plaintiffs' general damages in a total amount not yet fully ascertained.

49.     That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs were required to and did and will receive medical and other treatment for Plaintiffs' injuries, and suffered, and will continue to suffer, in mind and in body; and that said services, care and treatment are continuing and shall continue in the  future, all to Plaintiffs' damage in a presently unascertainable amount, and Plaintiffs will amend the Complaint accordingly when the same shall be ascertained.

9

50.     That prior to the injuries sustained and complained of herein, Plaintiffs were able-bodied persons and physically capable of engaging in all other activities for which Plaintiffs were otherwise suited.

51.     That by reason of the circumstances and as a direct and proximate result thereof, Plaintiffs have incurred past pain and suffering and have been required to and did lose the ability to perform many daily life and work activities and may have restrictions on future life and work activities and shall continue to experience scarring, future pain and suffering and be limited in activities in the future, which have caused and shall continue to cause Plaintiffs damages in a presently unascertainable amount, and in that regard Plaintiffs will ask leave of this Court to insert said amount when same shall be fully ascertained.

52.     That it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment and post judgment interest herein.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty)

53.     Plaintiffs, by and through this reference, hereby incorporate Paragraphs 1 through 52 above, as if fully set forth herein.

54.     That through the design, testing, manufacture, assembly, marketing, sale, inspection and maintenance of the subject vehicle, implied warranties of merchantability and fitness for use arose by operation of Utah common law.

10

55.   That the subject vehicle and their components and subassemblies, were neither merchantable nor fit for their intended use, and, on the contrary, were defective and unreasonably dangerous due to the breach by Defendants of the implied warranties of merchantability and fitness for use for the reasons described above.

56.   That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs sustained bodily injury all or some of which conditions may be permanent and disabling in nature, and all to Plaintiffs' general damages in a total amount that has not yet been fully ascertained.

57.   That by reason of the aforesaid and as a direct and proximate result thereof, Plaintiffs were required to and did and will receive medical and other treatment for their injuries, and suffered, and will continue to suffer, in mind and in body; and that said services, care and treatment are continuing and shall continue in the future, all to Plaintiffs' damage in a presently unascertainable amount, and Plaintiffs will amend the Complaint accordingly when the same shall be ascertained.

58.   That prior to the injuries sustained and complained of herein, Plaintiffs were able-bodied persons and physically capable of engaging in all other activities for which Plaintiffs were otherwise suited.

59.   That by reason of the circumstances and as a direct and proximate result thereof, Plaintiffs have incurred past pain and suffering and has been required to and did lose the ability to perform many daily life and work activities and may have restrictions on future life and work activities and shall continue to experience scarring, future pain and suffering and be limited in

11

activities in the future, which have caused and shall continue to cause Plaintiffs damages in a presently unascertainable amount, and in that regard Plaintiffs will ask leave of this Court to insert said amount when same shall be fully ascertained.

60.     That it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and Plaintiffs are entitled to attorneys' fees, costs, and prejudgment and post judgment interest herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, expressly reserving the right herein to include all items of damage, demand for judgment against Defendants as follows:

1.     For general damages alleged herein;

2.     For special damages alleged herein;

3.     For costs of this suit and attorney's fees;

4.     For pre and post judgment interest and costs provided by law; and

5.     For such other and further relief as may be justified and required by law.

## TIER 3 ELECTION

Plaintiffs specifically elects to pursue this lawsuit under Tier 3 and that damages qualify for this Tier.

DATED this 26th day of February, 2020.

**BIGHORN LAW**

*/s/ Mark D. Dodd*
Mark D. Dodd
*Attorneys for Plaintiffs*

12

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand that all of the issues in all counts above be tried by jury.

DATED this 26th day of February, 2020.

**BIGHORN LAW**

*/s/ Mark D. Dodd*
Mark D. Dodd
*Attorneys for Plaintiffs*

13